UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO CHAVEZ-CHAVEZ,<br><br>   Plaintiff,<br><br> v.<br><br>BERNARD C. BARMANN, *et al.*,<br><br>   Defendants. | Case No. 1:25-cv-00865-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 6)<br><br>**14-DAY OBJECTION PERIOD** |

**Background**

Plaintiff Mario Chavez-Chavez ("Plaintiff") initiated this action with the filing of a complaint on July 16, 2025. (Doc. 1). Plaintiff did not pay the filing fee in this action and, instead, applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). Upon its review of Plaintiff's application, on July 17, 2025, the Court ordered Plaintiff to complete and file within 21 days an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239, noting that Plaintiff's IFP application demonstrates that Plaintiff's income and resources could be above the poverty threshold and the information provided is insufficient for the Court to determine whether Plaintiff is entitled to proceed without prepayment of fees. (Doc. 3). The Court attached an AO 239 form to its order (Doc. 3-1) and served the order on Plaintiff (*see* docket entry "Service by Mail," dated July 17, 2025).

Plaintiff failed to either file a completed AO 239 form or pay the $405.00 filing by the deadline set therein.  In its order, the Court admonished Plaintiff that "**[a]ny failure by Plaintiff to timely comply with this order will result in a recommendation that the action be dismissed**." (Doc. 3 at 2; emphasis in original).  Accordingly, on August 12, 2025, the Court ordered Plaintiff to either show cause in writing why sanctions should not be imposed for failure to obey a court order, or alternatively, file a completed and signed AO 239 form or pay the filing fee. (Doc. 6).  The Court warned that "**[a]ny failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey a court order and for failure to prosecute.**" *Id.* at 2 (emphasis in original).

On August 29, 2025, the Court's order to show cause of August 12 was returned by the U.S. Postal Service marked "Undeliverable; Return to Sender, Not Delierable as Addressed, Unable to Forward."  Nevertheless, the Court's service is deemed fully effective pursuant to Local Rule 182(f).  Plaintiff failed to file a response to the Court's show cause order or pay the filing fee and the time to do so has expired.  For the reasons below, the undersigned will recommend that the Court dismiss this action without prejudice.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local

rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (quotation and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### **Discussion**

Here, Plaintiff has failed to comply with the Court's orders. Plaintiff has filed no response to either the Court's order directing Planitiff file a long form IFP application or its order to show cause (Docs. 3, 6), nor an AO 239 form, nor paid the filing fee, and the time to do so has passed. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed

to comply with this Court's orders and is, thus, impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court twice cautioned Plaintiff regarding possible dismissal for failure to obey the Court's orders, first in its order directing Plaintiff to file a long form IFP application and, second, in its order to show cause. *See* (Doc. 3 at 2) ("**Any failure by Plaintiff to timely comply with this order will result in a recommendation that the action be dismissed.**") (emphasis in original); (Doc. 6 at 2) ("**Any failure by Plaintiff to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey a court order and for failure to prosecute.**") (emphasis in original).

Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions. Because Plaintiff has failed to comply with this Court's orders, and in so doing is failing to prosecute his case, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

For the reasons given above, **IT IS RECOMMENDED** as follows:

1. This action be dismissed without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders; and
2. The Clerk of the Court close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.

Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**September 2, 2025**__

UNITED STATES MAGISTRATE JUDGE